Nash, C. J.
 

 The right of the plaintiff to the decree he seeks, is resisted upon the ground, that' the deed from his mother under which he claims, was made by her to defraud her creditors and is void under the act of 1840. The defendant has failed to prove any fraud. At the time Mary Anne Thacker made the conveyance to her son, the plaintiff, she was considerably indebted for one in her situation in life, and she could not, by any voluntary conveyance, defeat her creditors of their just rights. The first great principle of moral duty is to be just; and no man can avoid its obligation by any voluntary arrangement of his property, so as to defeat or defraud those who have just claims upon him. Any attempt to do so is unlawful, amounting to fraud ,• for fraud, in a legal sense, is an act unwarranted by law which" operates to the injury of another.
 
 Harman
 
 v.
 
 Fisher,
 
 Cowp. 117. A parent therefore cannot make a voluntary conveyance of property to his child to the injury of any then existing creditor. While however the law is thus careful of the rights of creditors, it is not inattentive to the claims of nature. A voluntary settlement by a parent on his child is not
 
 per se
 
 fraudulent $ there must be a creditor to defeat, and the intent to defeat.
 

 When therefore 'a parent makes a gift to his child, he must be careful to retain property sufficient to answer all his debts then existing. If he does, the act is lawful, violating no moral or legal duty. Thus in
 
 Jones
 
 v.
 
 Young,
 
 1 Dev. & Bat. 352, it is declared
 
 “
 
 The conveyance of the slave by Reuben Jones to the
 
 (t
 
 plaintiff being by deed of gift, is not necessarily an act fraudu-
 
 “
 
 lent and void as to the creditors of the donor, if he had at the
 
 (C
 
 time of the gift, and left at the time of his death, other proper-
 
 “
 
 ty sufficient to pay all his debts due and owing at the date of
 
 “
 
 the gift.” The case of
 
 Arnett v. Wanett,
 
 6 Ire. 41, sustains the principle, and so does the case of
 
 O'Daniel
 
 v.
 
 Crawford,
 
 4 Dev. 197. In the case before us, Mrs. Thacker conveyed the negro in dispute to the plaintiff, reserving a life estate in him. The debts which she then owed amounted to about one hundred and fifty dollars. What was the value of her life estate is not ve
 
 *147
 
 ry clearly proved, the witnesses differing on the subject. But the plaintiff bid for her life interest a sum sufficient to pay what she owed. The debts then due have all been paid out of the sale of the negro Frank, and no creditor of hers existing at the time of the gift has been delayed, hindered or defeated, in the collection of his debt. Nor can the presumption of such an intent in general arise in law, when the seller does thus reserve property sufficient to pay his debts. Nor do we in the attending circumstances, see any thing to impeach the transaction on the ground of fraud. The defendant Saunders, by his purchase, acquired nothing but the life interest of Mrs. Thackef. It is very certain the sheriff' could sell nothing more than what belonged to her. The defendant Saunders purchased with full notice of the plaintiff’s claim, and admits that he is a negro-trader, and alleges that after the fiat in this case was served upon him, he sold the negro Frank to a man whose name he does not mention. Mrs. Thacker is still alive, but the plaintiff is entitled to the aid of the Court in guarding and securing his interest in the slave Frank.
 

 The injunction having been continued to the hearing of the cause, and the cause being before us for final hearing, it is adjudged and decreed that the injunction be made perpetual.
 

 Per. Curiam. Decree accordingly.